IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANAPO AD OLAJIDE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL RESERVE BANK OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 16-cv-04472-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING**<br><br>Re: Dkt. Nos. 19, 21, 23 |

Before the Court are three motions:  (1) "Motion to Dismiss Amended Complaint or, in the Alternative, Motion for More Definite Statement," filed October 11, 2016, by defendant Federal Reserve Bank of San Francisco ("FRB");[1] (2) "Motion to Dismiss Plaintiff's Amended Complaint or for a More Definite Statement," filed October 11, 2016, by defendant Bank of America, N.A. ("BANA"); and (3) "Motion to Dismiss Plaintiff's Amended Complaint or for a More Definite Statement," filed October 11, 2016, by defendant Compass Bank ("Compass").  On October 17, 2016, plaintiff Olanapo Ad Olajide ("Olajide") filed a "Request for Judicial Notice in Support of Amended Complaint,"

---

[1] In its motion, FRB explains that there are twelve separate Federal Reserve Banks and correctly notes that, although Olijade's initial complaint had asserted claims against all twelve, the AC only asserts claims against one such entity, the Federal Reserve Bank of San Francisco.  To the extent there may be an ambiguity, the Court finds Olijade is no longer proceeding against any Federal Reserve Bank other than the Federal Reserve Bank of San Francisco.  See Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956) (holding "amended pleading supersedes the original, the latter being treated thereafter as non-existent"), cert. denied, 353 U.S. 947 (1957).

which filing the Court construes as opposition to the instant motions.[2] On November 1, 2016, FRB filed a reply. Having read and considered the parties' respective written submissions, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for November 18, 2016, and hereby GRANTS the motions, as follows.

Although the amended complaint ("AC") identifies a number of constitutional provisions, statutes and regulations, the AC includes no facts to support a claim under any of the identified authorities or other law. Rather, the AC essentially consists of conclusory assertions lacking any explanatory factual support (see, e.g., AC ¶ 38 (alleging Olajide "ha[sn't] actually profited from any of the securities belonging to [him], received, appropriated or deposited with [defendants]); ¶ 43 (alleging defendants "are maintaining a lien on either [Olajide's] trade/legal name(s) or securities owned by [him] and or appurtenant to [his] trade/legal name(s)")), which assertions are insufficient as a matter of law to state a cognizable claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support conclusions); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding "allegations must be enough to raise a right to relief above the speculative level").

Accordingly, the AC is hereby DISMISSED. Should Olajide wish to amend for purposes of alleging facts to support any legal claims he seeks to assert against defendants, Olajide shall file his Second Amended Complaint no later than November 23, 2016.

**IT IS SO ORDERED.**

Dated: November 4, 2016

MAXINE M. CHESNEY
United States District Judge

---

[2] Olajide failed to provide the Court with a chambers copy of said filing. Nonetheless, the Court has considered it. For future reference, Olajide is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.