IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OLANAPO AD OLAJIDE,

    Plaintiff,

    v.

FEDERAL RESERVE BANK OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 16-cv-04472-MMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING HEARING**

Re: Dkt. Nos. 35, 36, 39

Before the Court are three motions: (1) "Motion to Dismiss Second Amended Complaint or, in the Alternative, Motion for More Definite Statement," filed December 1, 2016, by defendant Federal Reserve Bank of San Francisco ("FRB"); (2) "Motion to Dismiss Plaintiff's Second Amended Complaint or for a More Definite Statement," filed December 1, 2016, by defendant Bank of America, N.A. ("BANA"); and (3) "Motion to Dismiss Plaintiff's Second Amended Complaint or for a More Definite Statement," filed December 1, 2016, by defendant Compass Bank ("Compass").  Plaintiff Olanapo Ad Olajide ("Olajide") has filed a single opposition, to which each defendant has replied. Having read and considered the parties' respective written submissions, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for January 6, 2017,[1] and rules as follows.

By order filed November 4, 2016, the Court dismissed Olajide's First Amended Complaint ("FAC"), finding that although said pleading "identifie[d] a number of

---

[1] Olajide's "Motion for Leave to Appear Telephonically," filed December 28, 2016, is hereby DENIED as moot.  For future reference, Olajide is advised that the Court does not conduct hearings on contested motions by telephone.

constitutional provisions, statutes and regulations, [it] include[d] no facts to support a claim under any of the identified authorities or other law," and, instead "essentially consist[ed] of conclusory assertions lacking any explanatory factual support." (See Order, filed November 4, 2016, at 2:5-8.) The Court afforded Olajide leave to amend "for purposes of alleging facts to support any legal claims he seeks to assert against defendants." (See id. at 2:18-20.) Thereafter, on November 14, 2016, Olajide filed his Second Amended Complaint ("SAC"), titled "Civil Action at Common Law for Account Render and Declaratory Relief."

The SAC suffers from the same deficiencies as the FAC. Specifically, although the SAC asserts Olajide has been "damaged by the actions of [defendants]" (see SAC ¶ 107), the SAC again essentially consists of conclusory assertions lacking any explanatory factual support for plaintiff's claim of injury (see, e.g., SAC ¶ 37 (alleging defendants "knew or should have known the material fact that they were specially designated by the U.S.A.'s Secretary of Treasury to act in a position of trust for the benefit of the People"); ¶ 63 (alleging BANA and Compass have "appropriated" Olajide's "servitude, as a source of true value for certificates of deposit that represent Debts charged to [Olajide's] legal trade name"). As explained in the Court's prior order, conclusory assertions are insufficient as a matter of law to state a cognizable claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support conclusions); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding "allegations must be enough to raise a right to relief above the speculative level").

In his opposition, Olajide does not contend the SAC cured the deficiencies identified in the Court's prior order, and, instead, "admit[s] that [the SAC] was mistakenly submitted with multiple errors that couldn't be fixed once submitted." (See Pl.'s Opp. at 1:14-15. Olajide, however, argues the motions to dismiss should be denied for the asserted reason that he has submitted "new facts" in a different proposed amended complaint attached to the opposition (see id. at 1:21-22), i.e., in a proposed Third

2

Amended Complaint ("Proposed TAC").

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998). Here, as defendants correctly point out, the Proposed TAC would be subject to dismissal, as it fails to allege any facts to support its conclusory assertions that defendants have damaged Olajide. Rather, as with the FAC and the SAC, the Proposed TAC consists of conclusory assertions of injury devoid of factual support. (See, e.g., id. ¶ 26 (alleging Olajide is "true owner of any debts due from security instruments appurtenant to [his] personal property possessed by BANA and Compass"); ¶ 46 (alleging defendants "have acted contrary to the duties and functions they agreed to uphold with the U.S.A. Secretary of Treasury by using, depositing in banks, and exchanging for other funds the value received from deposit of [Olajide's] personal property"); ¶ 60 (alleging defendants "have denied [Olajide] the right to inherit the guaranteed payment of Debts secured by the Government of the United States").)

In sum, the SAC is subject to dismissal for failure to allege sufficient facts to support the conclusions asserted therein, and further leave to amend will be denied, as the Proposed TAC would itself be subject to dismissal for failure to allege sufficient facts to support the conclusions asserted therein.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss are hereby GRANTED, and the Second Amended Complaint is hereby DISMISSED without further leave to amend. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2017

MAXINE M. CHESNEY
United States District Judge