IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANAPO AD OLAJIDE,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDERAL RESERVE BANK OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 16-cv-04472-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT**<br><br>Re: Dkt. No. 53 |

By order filed January 3, 2017, the Court granted defendants' motions to dismiss, including a motion to dismiss filed by defendant Compass Bank ("Compass"), and dismissed the operative pleading, the Second Amended Complaint, without further leave to amend. In so ruling, the Court considered a proposed Third Amended Complaint plaintiff Olanapo Ad Olajide had provided with his response to the motions, and found that affording plaintiff leave to amend to file such proposed amended pleading would be futile. Thereafter, on January 4, 2017, the Clerk of Court entered judgment on the Court's order.

Now before the Court is plaintiff's "Motion to Amend or Alter Judgment on Court Order Granting Defendant's Motion to Dismiss," filed January 11, 2017, by which plaintiff seeks an order vacating the Court's order dismissing his claims against Compass without further leave to amend and, instead, issuing an order affording him leave to file "a new complaint" against Compass, which proposed pleading is attached as an exhibit to his motion to amend or alter the judgment. Having read and considered plaintiff's motion, the Court rules as follows.

//

"[C]onsistent with [the] policy of promoting the finality of judgments . . ., once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60 [of the Federal Rules of Civil Procedure]." Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.1996).

Here, plaintiff seeks to reopen the judgment pursuant to Rule 59(e).  A motion brought pursuant to Rule 59(e) to "alter or amend a judgment," see Fed. R. Civ. P. 59(e), may be granted where the moving party establishes one of the following circumstances: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." See Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation, citation, and emphasis omitted).  Plaintiff fails, however, to establish that any of the above-referenced circumstances exists in this instance.  In particular, plaintiff fails to explain why the claims set forth in the newly proposed amended complaint could not have been offered in connection with plaintiff's response to Compass's motion to dismiss the Second Amended Complaint.

Moreover, separate from the above-referenced deficiency, affording plaintiff leave to amend to allege the claims in the newly proposed amended complaint would be futile, as said pleading fails to set forth a legally cognizable claim against Compass.  (See Proposed Compl. ¶¶ 8-10, 14.)

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 13, 2017

MAXINE M. CHESNEY
United States District Judge