IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANAPO AD OLAJIDE,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL RESERVE BANK OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 16-cv-04472-MMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND OR ALTER JUDGMENT**<br><br>Re: Dkt. No. 55, 56 |

By order filed January 3, 2017, the Court granted defendants' motions to dismiss, and dismissed the operative pleading, the Second Amended Complaint, without further leave to amend. The following day, January 4, 2017, the Clerk of Court entered judgment on the Court's order of dismissal. Thereafter, by order filed January 13, 2017, the Court denied plaintiff's motion, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to amend or alter the judgment, finding plaintiff had failed to identify any cognizable basis for relief under Rule 59(e).

Now before the Court is plaintiff's second "Motion to Amend or Alter Judgment on Court Order Granting Defendant's Motion to Dismiss," filed February 2, 2017, by which plaintiff again seeks relief pursuant to Rule 59(e). Having read and considered plaintiff's motion, the Court hereby rules as follows.[1]

A motion for relief under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." See Fed. R. Civ. P. 59(e). Plaintiff filed the instant motion 29 days after entry of judgment, and, consequently, the motion is untimely. A "district court has

---

[1] Plaintiff's request that the motion be heard telephonically is DENIED as moot.

no discretion to consider a late [R]ule 59(e) motion," see <u>Carter v. United States</u>, 973 F.2d 1479, 1488 (9th Cir. 1992), as the time period set forth in Rule 59(e) is "jurisdictional," <u>see</u> <u>Scott v. Younger</u>, 739 F.2d 1464, 1467 (9th Cir. 1984).

    Accordingly, plaintiff's second motion for relief under Rule 59(e) is hereby DENIED.

    **IT IS SO ORDERED.**

Dated: February 22, 2017

MAXINE M. CHESNEY
United States District Judge